# EXHIBIT A

**Orlando Luna, Esq.**
Utah Bar Number: 17084
**OLUNA LAW PLLC**
1750 W. Research Way, Ste 103
Salt Lake City, Utah 84119
(801) 770-4670
*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT OF SUMMIT COUNTY
STATE OF UTAH

| | |
|---|---|
| ROBERT SWIGART,<br><br>Plaintiff,<br><br>vs.<br><br>COLE ERCANBRACK, an individual; YPSM, LLC D/B/A YOUNG POWERSPORTS OF MORGAN, a Utah Domestic LLC; POLARIS INDUSTRIES INC., a Foreign Corporation; POLARIS INC., a Foreign Corporation; POLARIS SALES INC., a Foreign Corporation; DOES I THROUGH X; ROE COMPANIES XI THROUGH XX<br><br>Defendants | Civil No.:<br>Judge:<br><br>**COMPLAINT**<br><br>**[TIER 3 CASE]**<br><br>**(JURY TRIAL REQUESTED)** |

COMES NOW, Plaintiff ROBERT SWIGART, by and through his counsel of record, the law firm of OLUNA LAW PLLC, and complains and alleges against COLE ERCANBRACK, an Individual, YPSM, LLC d/b/a YOUNG POWERSPORTS OF MORGAN, a Domestic Limited Liability Company, POLARIS INDUSTRIES INC., a Foreign Corporation, POLARIS INC., a Foreign Corporation, POLARIS SALES INC., a Foreign Corporation, DOES I through X, inclusive; and ROE COMPANIES XI through XX, inclusive, as follows:

**PARTIES**

1. Plaintiff ROBERT SWIGART ("Plaintiff") is and at all relevant times was a citizen of Utah and resident of Morgan County, Utah.

2. Defendant COLE ERCANBRACK is and at all relevant times was a citizen of Utah and resident of Morgan County, Utah.

3. Defendant YPSM, LLC d/b/a YOUNG POWERSPORTS OF MORGAN is and at all relevant times was a domestic limited liability company, authorized to do and doing business in Morgan County, Utah (referred to herein as "Young Powersports").

4. Defendant POLARIS INDUSTRIES INC. is a Delaware Corporation, authorized to do and doing business in Utah.

5. Defendant POLARIS INC. is a Minnesota Corporation, authorized to do and doing business in Utah.

6. Defendant POLARIS SALES INC. is a Minnesota Corporation, authorized to do and doing business in Utah.

7. Defendants POLARIS INC., POLARIS INDUSTRIES INC., and POLARIS SALES INC. are collectively referred to herein as the "POLARIS Defendants."

8. Defendants COLE ERCANBRACK, YPSM, LLC d/b/a YOUNG POWERSPORTS OF MORGAN, the POLARIS Defendants, DOES I through X, inclusive, and ROE COMPANIES XI through XX (collectively "Defendants") have, for several years, including all times relevant herein, assembled, designed, manufactured, distributed, marketed, maintained, serviced, installed and/or sold vehicles, including the Polaris Khaos 850 ("Subject Snowmobile"), other snowmobiles, and their component parts in the United States, including within the State of Utah and Summit County.

9. The POLARIS Defendants assembled, designed, manufactured, distributed, maintained, serviced, installed and/or sold Polaris Khaos 850 ("Subject Snowmobile") giving rise to the December 24, 2022 incident ("Subject Incident"), and undertook those activities within the State of Utah or purposefully directed those activities to the State of Utah.

10. Defendants POLARIS INC., POLARIS INDUSTRIES INC., and POLARIS SALES INC. are alter-egos and/or agents of one another.

11. Adherence to the fiction of separation between Defendants POLARIS INC., POLARIS INDUSTRIES INC., and POLARIS SALES INC. would sanction fraud or injustice upon the public, the Court, and the Plaintiff.

12. Defendants COLE ERCANBRACK and Young Powersports marketed, distributed, maintained, serviced, assembled and/or sold the Subject Snowmobile and component parts giving rise to the Subject Incident, and undertook those activities within the State of Utah or purposefully directed those activities to the State of Utah.

13. Defendant COLE ERCANBRACK was under the control of, and acting within the course and scope of his employment with Defendant YOUNG POWERSPORTS when he marketed, assembled, distributed, maintained, serviced, installed and/or sold the Subject Snowmobile and component parts giving rise to the Subject Incident.

14. In relation to Defendant COLE ERCANBRACK's assembly, marketing, distribution, maintenance, service, installation and/or sale of the Subject Snowmobile and component parts giving rise to the Subject Incident, Defendant YOUNG POWERSPORTS is vicariously liable for the actions of Defendant COLE ERCANBRACK under the doctrine of *respondeat superior*.

15. The persons sued by fictitious names as DOES I THROUGH X are individuals who, either independently or in concert with other Defendants, unlawfully (including negligently) assembled, designed, manufactured, distributed, maintained, serviced, installed, marketed, and/or sold the Subject Snowmobile or its component parts; designed, approved of, constructed, maintained, and/or engineered the Snowmobile and related instructions or warnings; failed to render aid; and/or otherwise unlawfully (including negligently) caused or contributed to the Subject Incident or Plaintiff's injuries. These DOE defendants specifically include the individuals employed by YOUNG POWERSPORTS involved in the faulty assembly of the Subject Snowmobile and all individuals who supervised or approved the final assembly. Plaintiff will amend the Complaint to substitute the true name of any such defendant when ascertained.

16. The entities sued by fictitious names as ROE COMPANIES XI THROUGH XX are entities who, either independently or in concert with other Defendants, unlawfully (including

negligently) designed, manufactured, distributed, maintained, serviced, installed, marketed, and/or sold the Subject Snowmobile or its component parts; designed, approved of, constructed, maintained, and/or engineered the Snowmobile and related instructions or warnings; failed to render aid; and/or otherwise unlawfully (including negligently) caused or contributed to the Subject Incident or Plaintiff's injuries. Plaintiff will amend the Complaint to substitute the true name of any such defendant when ascertained.

**JURISDICTION AND VENUE**

17. Venue is proper in Summit County, Utah pursuant to Utah Code § 78B-3-307, as the events giving rise to the claims occurred in Summit County, Utah.

18. This Court has subject matter jurisdiction over this action pursuant to Utah Code Ann. § 78B-3-205, as the damages sought exceed $300,000 and the incident occurred within the State of Utah.

19. The exercise of jurisdiction by this Court over each and every Defendant is appropriate as each either resides or has done and continues to do substantial business in the State of Utah.

20. Exercise of personal jurisdiction over each Defendant is proper and reasonable.

21. Exercise of personal jurisdiction over the POLARIS Defendants is proper because each of these Defendants purposely availed themselves of Utah, and Plaintiff's claims arise from or relate to each of these Defendants' contacts with Utah.

22. Exercise of personal jurisdiction over Defendants COLE ERCANBRACK and YOUNG POWERSPORTS is proper and reasonable because they are each domiciled in Utah and are therefore each at home in Utah.

**GENERAL ALLEGATIONS**

23. Defendants COLE ERCANBRACK and YOUNG POWERSPORTS sold, made representations regarding, and assembled the Subject Snowmobile.

24. The POLARIS Defendants designed, manufactured, marketed, and/or sold the Subject Snowmobile.

25. On or about December 23, 2022, Plaintiff and Plaintiff's friend, Kraig Iverson, obtained two snowmobiles, including the Subject Snowmobile, from the Young Powersports store located in Morgan, Utah.

26. Prior to purchase, Defendant YOUNG POWERSPORTS informed Plaintiff and Kraig Iverson that assembly of the snowmobiles was necessary before they could be picked up.

27. On December 23, 2022, Plaintiff traveled to Defendant YOUNG POWERSPORTS' store to pick up the snowmobiles. Defendant's employees indicated that final assembly work was still ongoing for one of the snowmobiles, which caused a delay.

28. On December 24, 2022, Plaintiff and his friend took the snowmobiles for a ride in Summit County, Utah.

29. While riding the Subject Snowmobile, Plaintiff pressed the throttle to accelerate and the skis suddenly detached from the Snowmobile due to missing grommets, which caused the snowmobile to flip violently and land on Plaintiff multiple times.

30. The incident caused Plaintiff's helmet to be dislodged and resulted in severe injuries, including a severely dislocated left shoulder.

31. Plaintiff's friend, Josh Overn, observed that the snowmobile's skis lacked essential grommets, which directly caused the malfunction and subsequent accident.

32. Plaintiff was transported off the mountain and was treated at an emergency room in Park City, Utah.

33. On December 27, 2022, Plaintiff returned the Subject Snowmobile to Defendant. Defendant's general manager, Defendant COLE ERCANBRAK, assured Plaintiff that Plaintiff's medical expenses would be taken care of.

34. The POLARIS Defendants' and Defendant YOUNG POWERSPORTS' defective design, manufacture, distribution, marketing, maintenance, service, assembly, installation and/or sale of the Subject Snowmobile caused the Subject Incident and Plaintiff's injuries.

/ / /

/ / /

**FIRST CAUSE OF ACTION**

**STRICT PRODUCT LIABILITY: DEFECTIVE DESIGN AND MANUFACTURE**

**(against ALL DEFENDANTS)**

35. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs as if set forth in full.

36. At all material times mentioned herein, Defendants, and each of them, designed, manufactured, distributed, marketed, maintained, serviced, installed, assembled and/or sold the Subject Snowmobile, and component parts.

37. The Subject Snowmobile and component parts were unsafe and unreasonably dangerous by reason of defects in its manufacture and design so that it would not safely serve its purpose, but would instead expose users to serious injuries.

38. The POLARIS Defendants and Defendant YOUNG POWERSPORTS defectively designed, assembled, and/or manufactured the Subject Snowmobile, and component parts, that would operate to safely secure the skis to the vehicle snowmobile during use.

39. The POLARIS Defendants and Defendant YOUNG POWERSPORTS defectively designed and/or manufactured the Subject Snowmobiles such that essential components were not included with snowmobiles distributed or sold.

40. The POLARIS Defendants defectively designed and/or manufactured the Subject Snowmobile in a manner that made it unreasonably prone to detaching its skis during operation.

41. The POLARIS Defendants, COLE ERCANBRACK, and YOUNG POWERSPORTS defectively designed, assembled, and/or manufactured the Subject Snowmobile's component parts in a manner that made it unreasonably detach the skis during operation.

42. Defendants' defective design, assembly, and/or manufacture of the Subject Snowmobile and component parts caused it to detach its skis, and to fail to operate as expected, thereby resulting in Plaintiff's catastrophic injuries.

43. Defendants failed to develop and implement a reasonably safe version of the Subject Snowmobile and component parts, even though reasonably safe versions of the same are widely available.

44. Any one of the abovementioned defects, and defects that are yet to be identified during discovery, or a combination thereof, are the cause of the Subject Incident, including Plaintiff's catastrophic injuries.

45. The defects present in the Subject Snowmobile, and/or component parts were present at the time these products left the hands of Defendants, and each of them.

46. As a result of the defects present in the Subject Snowmobile and/or component parts, they did not perform as an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

47. Plaintiff was unaware of any defect in the Subject Snowmobile and/or component parts prior to the Subject Incident.

48. The defects in the Subject Snowmobile and/or component parts caused the Subject Incident and Plaintiff's damages.

49. Defendants unsafely designed, assembled, manufactured, marketed, distributed, maintained, serviced, installed and/or sold the Subject Snowmobile, and its component parts with conscious disregard for the known danger that defects within the vehicle could cause injury or death to expected users such as Plaintiff.

50. As a direct and proximate result of Defendants' actions and inactions, and those of each of them, Plaintiff has been limited in occupation, household, and recreational activities, which has caused and shall continue to cause him pain and suffering, physical impairment, mental anguish, and loss of enjoyment of life, in an amount in excess of Fifteen Thousand Dollars ($300,000).

51. As a direct and proximate result of Defendants' actions and inactions, and those of each of them, Plaintiff has incurred past expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount in excess of Fifteen Thousand Dollars ($300,000).

52. As a direct and proximate result of Defendants' actions and inactions, and those of each of them, Plaintiff has had to hire an attorney, thereby incurring attorney's fees and costs to bring this action.

**SECOND CAUSE OF ACTION**

**STRICT PRODUCT LIABILITY: FAILURE TO WARN**

**(against ALL DEFENDANTS)**

53. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs as if set forth in full.

54. The Subject Snowmobile and component parts were unsafe and unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics and defects.

55. Defendants, and each of them, failed to provide suitable and adequate warnings as to the danger of use of the Subject Snowmobile and component parts, including that the Subject Snowmobile was prone to detach its skis during operation, and the snowmobiles were being distributed without essential parts exposing the users to catastrophic injury in the likely event of the skis detaching during operation.

56. Defendants, and each of them, failed to suitably and adequately warn foreseeable users of the risk of harm from the defective design and manufacture of the Subject Snowmobile and component parts.

57. Defendants, and each of them, had reason to anticipate that Plaintiff's foreseeable use of the Subject Snowmobile and component parts may be dangerous without such suitable and adequate warnings.

58. The warning defects related to the Subject Snowmobile and component parts caused the Subject Incident and Plaintiff's catastrophic injuries.

59. As a direct and proximate result of Defendants' actions and inactions, and those of each of them, Plaintiff has been limited in occupation, household, and recreational activities, which

has caused and shall continue to cause him pain and suffering, physical impairment, mental anguish, and loss of enjoyment of life, in an amount in excess of Fifteen Thousand Dollars ($300,000).

60. As a direct and proximate result of Defendants' actions and inactions, and those of each of them, Plaintiff has incurred past expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount in excess of Fifteen Thousand Dollars ($300,000).

61. As a direct and proximate result of Defendants' actions and inactions, and those of each of them, Plaintiff has had to hire an attorney, thereby incurring attorney's fees and costs to bring this action.

## THIRD CAUSE OF ACTION
## NEGLIGENCE: FAILURE TO USE ORDINARY CARE
## IN ASSEMBLY, DISTRIBUTION, AND SALE
**(against ALL DEFENDANTS)**

62. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs as if set forth in full.

63. Defendants, and each of them, had a duty to use that degree of care that an ordinarily careful and prudent retailer, assembler, designer, manufacturer, marketer, distributor, servicer, maintainer and seller of the Subject Snowmobile and component parts would use under the same or similar circumstances.

64. Defendants, and each of them, breached their duty by failing to exercise reasonable care to prevent the Subject Snowmobile from creating an unreasonable risk of harm to a person reasonably expected to use the same in a reasonably foreseeable manner.

65. Plaintiff was of the type of person Defendants, and each of them, should reasonably have expected to use the Subject Snowmobile.

66. The Subject Snowmobile and component parts, as assembled, designed, manufactured, marketed, serviced, maintained, and/or sold by Defendants, and each of them, were dangerous and

otherwise flawed, thereby creating an unreasonable risk that the Subject Snowmobile would detach its skis and cause significant injuries to Plaintiff.

67. Defendants, and each of them, knew or by using ordinary care should have known of the foreseeable risk of harm caused by such flawed and dangerous conditions as were created by their failure to properly assemble, inspect, test, sell, monitor, field perform, recall and distribute the Subject Snowmobile and its component parts in a reasonably safe manner.

68. The defects related to the Subject Snowmobile caused the Subject Incident and Plaintiff's catastrophic injuries.

69. As a direct and proximate result of Defendants' actions and inactions, and those of each of them, Plaintiff has been limited in occupation, household, and recreational activities, which has caused and shall continue to cause him pain and suffering, physical impairment, mental anguish, and loss of enjoyment of life, in an amount in excess of Fifteen Thousand Dollars ($300,000).

70. As a direct and proximate result of Defendants' actions and inactions, and those of each of them, Plaintiff has incurred past expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount in excess of Fifteen Thousand Dollars ($300,000).

71. As a direct and proximate result of Defendants' actions and inactions, and those of each of them, Plaintiff has had to hire an attorney, thereby incurring attorney's fees and costs to bring this action.

## FOURTH CAUSE OF ACTION

## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

**(against DEFENDANTS COLE ERCANBRACK, YOUNG POWERSPORTS, and ROE/DOE DEFENDANTS)**

72. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs as if set forth in full.

73. Defendant COLE ERCANBRACK is, and at all relevant times was, employed by Defendant YOUNG POWERSPORTS.

74. Defendant YOUNG POWERSPORTS hired employees, including Defendant COLE ERCANBRACK, at least in part, to assemble, market, maintain, service, install and/or sell snowmobiles, including the Subject Snowmobile.

75. Defendant YOUNG POWERSPORTS's employees, including Defendant COLE ERCANBRACK, acting on behalf of Defendant YOUNG POWERSPORTS and within the course and scope of their employment, assembled, marketed, maintained, serviced, installed and/or sold the the Subject Snowmobile.

76. Defendant YOUNG POWERSPORTS owed a duty of reasonable care to reasonably hire, train, retain, and supervise its employees, including Defendant COLE ERCANBRACK, to assemble, market, maintain, service, install and/or sell the Subject Snowmobile, in a reasonably safe manner and condition.

77. Defendant YOUNG POWERSPORTS knew, should have known, or negligently failed to learn, that its employees, including Defendant COLE ERCANBRACK, were inadequately hired, trained, retained and/or supervised, or were unfit for the position for which they were hired.

78. Defendant YOUNG POWERSPORTS breached its duty by failing to provide its employees, including Defendant COLE ERCANBRACK, with adequate training and/or supervision to assemble, supervise, inspect, test, service, install and/or sell the Subject Snowmobile.

79. Defendant YOUNG POWERSPORTS's failure to adequately train and/or supervise its employees, including Defendant COLE ERCANBRACK, was the direct and proximate cause of the Subject Incident and Plaintiff's injuries.

80. As a direct and proximate result of Defendants COLE ERCANBRACK and YOUNG POWERSPORTS's actions and inactions, and those of each of them, Plaintiff has been limited in occupation, household, and recreational activities, which has caused and shall continue to cause him pain and suffering, physical impairment, mental anguish, and loss of enjoyment of life, in an amount in excess of Fifteen Thousand Dollars ($300,000).

81. As a direct and proximate result of Defendants COLE ERCANBRACK and YOUNG POWERSPORTS's actions and inactions, and those of each of them, Plaintiff has incurred past

expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount in excess of Fifteen Thousand Dollars ($300,000).

82. As a direct and proximate result of Defendants COLE ERCANBRACK and YOUNG POWERSPORTS's actions and inactions, and those of each of them, Plaintiff has had to hire an attorney, thereby incurring attorney's fees and costs to bring this action.

**FIFTH CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY OF MERCHANTABILITY**

**(against DEFENDANTS COLE ERCANBRACK, YOUNG POWERSPORTS, and ROE/DOE DEFENDANTS)**

83. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs as if set forth in full.

84. On or about December 23, 2022, Plaintiff was told that the Subject Snowmobile was still being assembled and he and his friend needed to wait until it was completed. Shortly thereafter, the Subject Snowmobile was provided to Plaintiff and his friend with the representation that it was fully assembled and safe to operate.

85. On or about December 24, 2022, Plaintiff took the Subject Snowmobile ride when it detached the skis during operation and caused him catastrophic injuries.

86. Based on the assurances from Defendant COLE ERCANBRACK and YOUNG POWERSPORTS, that the Subject Snowmobile was fully assembled, Plaintiff took the Subject Snowmobile out for a ride and was injured when the Subject Snowmobile detached its skis due to COLE ERCANBRACK and YOUNG POWERSPORTS's shoddy assembly.

87. Defendants COLE ERCANBRACK and YOUNG POWERSPORTS, and each of them, made statements relating to the Subject Snowmobile and its completed assembly to Plaintiff, and these statements became a part of the basis for the bargain.

88. Specifically, Defendants COLE ERCANBRACK and YOUNG POWERSPORTS, and each of them warranted to Plaintiff that the Subject Snowmobile and its assembly was safe and complete.

89. The natural tendency of representations regarding safety of the Subject Snowmobile and was to induce Plaintiff to rely on these statements.

90. The Subject Snowmobile and its suspension system/component parts were not safe because, among other defects that may reveal themselves during discovery, the Subject Snowmobile was missing essential components.

91. Defendants COLE ERCANBRACK and YOUNG POWERSPORTS, and each of them, therefore breached the express warranty of merchantability.

92. As a direct and proximate result of Defendants COLE ERCANBRACK and YOUNG POWERSPORTS's actions and inactions, and those of each of them, Plaintiff has been limited in occupation, household, and recreational activities, which has caused and shall continue to cause him pain and suffering, physical impairment, mental anguish, and loss of enjoyment of life, in an amount in excess of Fifteen Thousand Dollars ($300,000).

93. As a direct and proximate result of Defendants COLE ERCANBRACK and YOUNG POWERSPORTS's actions and inactions, and those of each of them, Plaintiff has incurred past expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount in excess of Fifteen Thousand Dollars ($300,000).

94. As a direct and proximate result of Defendants COLE ERCANBRACK and YOUNG POWERSPORTS's actions and inactions, and those of each of them, Plaintiff has had to hire an attorney, thereby incurring attorney's fees and costs to bring this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, expressly reserving his rights to amend this Complaint at or before the time of trial to include all items of damage not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. For a judgment in favor of Plaintiff and against Defendants, and each of them, on the Complaint and all claims for relief asserted herein;

2. For an award of general and special damages in an amount in excess of $300,000 to be proven at trial;

3. For an award of attorneys' fees and costs incurred by Plaintiff in this action;

4. For pre-judgment and post-judgment interest, at the rate allowed by law, on such amounts awarded from the date of filing this Complaint and after judgment is entered;

5. For such other and further relief as this Court may deem just and proper.

Dated this 21st day of December, 2024.

*//s//Orlando Luna*

**Orlando Luna, Esq.**
OLUNA LAW PLLC
1750 W. Research Way, Ste. 103
Salt Lake City, Utah 84119
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **COMPLAINT** was submitted electronically for filing and/or service with the Third Judicial District Court on the 21st day of December 2024.

I further certify that a true and correct copy of the foregoing document will be served on the parties through personal service alongside the summons upon issuance of the same:

**COLE ERCANBRACK**
Young Powersports
800 East 100 South
Morgan, UT 84050

**YPSM, LLC D/B/A YOUNG POWERSPORTS OF MORGAN**
NICHOLAS HART
613 W 500 N,
LAYTON, UT 84041

**POLARIS INDUSTRIES INC.**
1010 Dale St N
St Paul, MN 55117–5603
USA

**POLARIS INC.**
1010 Dale St N
St Paul, MN 55117–5603
USA

**POLARIS SALES INC.**
1010 Dale St N
St Paul, MN 55117–5603
USA

*/s/Samuel Morales*

Paralegal for OLUNA LAW PLLC